IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Deral Stanley,<br>*a/k/a Deral Lamont Stanley*,<br><br>              Petitioner,<br><br>vs.<br><br>Warden of Lee Correctional Institution,<br><br>              Respondent.<br>_____ | C/A No. 0:10-1964-RBH-PJG<br><br><br>**REPORT AND RECOMMENDATION** |

      The petitioner, Deral Stanley ("Stanley"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 11.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 14.) Stanley filed a response in opposition to the respondent's motion. (ECF No. 17.) Having carefully considered the parties' submissions and the record in this case, the court finds that Stanley's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

## BACKGROUND

      Stanley was indicted in August 2003 in Horry County for trafficking in crack cocaine (02-GS-26-296). (App. at 404-05, ECF No. 12-4 at 39-40.) Stanley was represented by J.M. Long, III, Esquire, and on April 12-13, 2004 was tried by a jury and found guilty as charged. (App. at 205, ECF No. 12-2 at 73.) The circuit court sentenced Stanley to twenty-five years' imprisonment. (App. at 210, ECF No. 12-2 at 78.)

Stanley timely appealed, still represented by J.M. Long, III, Esquire. On July 13, 2005, the South Carolina Court of Appeals affirmed Stanley's conviction and sentence. (State v. Stanley, Op. No. 4007 (S.C. Ct. App. June 27, 2005); App. at 216-33, ECF No. 12-2 at 84-101.) The remittitur was issued on July 13, 2005. (ECF No. 12-8.)

Stanley filed a *pro se* application for post-conviction relief ("PCR") on March 29, 2006. (Stanley v. State of South Carolina, 06-CP-26-1468; App. at 234, ECF No. 12-2 at 102-05.) Stanley, through counsel Tommy A. Thomas, Esquire and Tricia A. Blanchette, Esquire, filed an amended application on December 7, 2006. (App. at 238-39, ECF No. 12-2 at 106-07.) On April 29, 2008, the PCR court held an evidentiary hearing at which Stanley was present and testified. (App. at 262-348, ECF No. 12-3 at 12-90.) By order filed September 15, 2009, the PCR judge denied and dismissed Stanley's PCR application with prejudice. (App. at 384-403, ECF No. 12-4 at 19-38.)

In his PCR appeal, Stanley was represented by Robert M. Pachak, Esquire, Appellate Defender of the South Carolina Commission on Indigent Defense, who filed a petition for a writ of certiorari on Stanley's behalf on December 29, 2008. (ECF No. 12-9.) By order dated July 9, 2009, the South Carolina Supreme Court granted Stanley's petition for a writ of certiorari. (ECF No. 12-11.) Both parties filed briefs. (ECF Nos. 12-12 & 12-13.) On December 7, 2009, the South Carolina Supreme Court dismissed the writ of certiorari as improvidently granted. (ECF No. 12-14.) The remittitur was issued December 23, 2009. (ECF No. 12-15.)

Stanley filed his federal Petition for a writ of habeas corpus on July 23, 2010.[1] (Pet., ECF No. 1.)

---

[1] Stanley indicates in his Petition that he filed a second PCR action on April 14, 2010. He states that this action was dismissed on June 23, 2010. (Pet., ECF No. 1 at 4, 13.)

## DISCUSSION

A.     **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the

court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Statute of Limitations**

The respondent argues that Stanley's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1).  The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Because Stanley filed a direct appeal, his conviction became final on July 13, 2005, the date the South Carolina Court of Appeals entered the remittitur.[2] See Rules 203(b)(2), 221, & 242, SCACR.  Accordingly, the limitations period began to run on July 14, 2005 and expired on July 13, 2006, unless the period was at any time tolled for any properly filed state PCR application or other collateral review.  28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Stanley filed a PCR application on March 29, 2006.  At that point, 258 days of non-tolled time had accrued since the period of limitations began to run.  The period of limitations was tolled

---

[2] Because Stanley did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court.  Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008) (unpublished); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort).

during the pendency of the Stanley's PCR action until December 23, 2009, when the South Carolina Supreme Court issued the remittitur from its order dismissing Stanley's certiorari petition. At this time, Stanley had 107 days of statutory time remaining, which means that Stanley had until April 8, 2010 to file a timely federal habeas corpus petition.

Stanley indicates in his Petition that he filed a second PCR application on April 14, 2010; however, this application did not toll the statute of limitations because it was filed after the expiration of the one-year limitations period under § 2244(d)(1)(A). To toll the one-year statute of limitations period governing federal habeas petitions, state PCR proceedings must commence prior to the expiration of the federal statutory period. See 28 U.S.C. § 2244(d). Thus, Stanley's 2010 PCR action did not toll or revive the already expired statute of limitations for filing his federal habeas action. Accordingly, Stanley's statutory deadline expired on April 8, 2010.

Stanley filed his federal Petition for a writ of habeas corpus on July 23, 2010. See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

**C.     Stanley's Arguments**

With regard to the timeliness of his federal Petition, Stanley appears to argue that the one-year statutory deadline is misleading and ambiguous. (See ECF No. 17 at 1.) Stanley also appears to argue that, because he was placed in the Special Management Unit for an extended period of time, he was "forced to rely on inmates['] library clerks which deprived him of the opportunities equivalent to those afforded to general population inmates." (Id.) Stanley specifically states, however, that "this is not an argument of ignorance of the statute of limitations or inadequacy of [the] prison law library" but rather that he erroneously believed that his one-year statutory deadline ran from December 23, 2009—the date that the South Carolina Supreme Court issued the remittitur

from its order dismissing Stanley's certiorari petition. (Id. at 1-2.) He argues that he should not be penalized for not knowing or understanding the statutory provisions and that had he known, he would have filed his habeas corpus petition in time. (Id. at 2.)

To the extent that Stanley argues that his lack of knowledge of the law entitles him to avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition based upon the principles of equitable tolling, this argument is without merit. See Holland v. Florida, 130 S. Ct. 2549 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGugliemlo, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246. Stanley's arguments do not constitute the type of extraordinary circumstances justifying equitable tolling. See Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where a petitioner alleged lack of legal knowledge or legal resources); Jones v. South Carolina, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) (unpublished) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice,

ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original); see also Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008) (stating that limited access to a law library is not grounds for equitable tolling); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2002) (recognizing that the lack of access to library materials does not automatically qualify as grounds for equitable tolling); Burns v. Beck, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) (observing that prison conditions, such as lockdowns or misplacement of legal papers, are not normally grounds for equitable tolling) (citing Akins v. United States, 204 F.3d 1086 (11th Cir. 2000)). Upon thorough review of the filings in this matter, the court finds that Stanley has failed to demonstrate that he would be entitled to equitable tolling of the limitations period under this standard.

## RECOMMENDATION

Based upon the foregoing, the court finds that Stanley's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 11) be granted.

                                                                                  _____
                                                                                  Paige J. Gossett
                                                                                  UNITED STATES MAGISTRATE JUDGE

March 17, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).