IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Deral Stanley a/k/a Deral Lamont Stanley, | ) | Civil Action No.: 0:10-cv-01964-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of Lee Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a state prisoner proceeding *pro se*, brought this suit pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Lee Correctional Institution in Bishopville, South Carolina.

On September 16, 2010, Respondent filed its [Docket Entry 11] Motion for Summary Judgment, along with a return and memorandum, [Docket Entry 12]. Because Petitioner is proceeding *pro se*, the court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on September 17, 2010, advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to adequately respond. Petitioner thereafter timely filed his [Docket Entry 17] Response in Opposition to the summary judgment motion.

This matter is now before the court with the [Docket Entry 19] Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett[1] filed on March 18, 2011. In her R & R, the Magistrate Judge "f[ound] that [Petitioner's] Petition is barred by 28 U.S.C. § 2244(d) as untimely." R & R at 1. On March 25, 2011,[2] Petitioner timely objected to the R & R. *See* Obj.

---

[1] This matter was referred to Magistrate Judge Gossett pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C.

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

[Docket Entry 21].

## Background

On August 14, 2003, a state grand jury returned an indictment charging Petitioner with trafficking crack cocaine in Horry County, South Carolina. *See* App. [Docket Entry 12-4] at 39-40. Petitioner, represented by J.M. Long, III, was tried by a jury on April 12-13, 2004, and found guilty as charged. *See* App. [Docket Entry 12-1] at 3; App. [Docket Entry 12-2] at 73. The trial court sentenced Petitioner to a term of twenty-five (25) years of imprisonment. *See* App. [Docket Entry 12-2] at 78.

Petitioner, still represented by Attorney Long, filed a direct appeal. *See* § 2254 Petition [Docket Entry 1] at 2, 12; *see also* Final Brief of Appellant [Docket Entry 12-5]. On June 27, 2005, the South Carolina Court of Appeals affirmed Petitioner's sentence and conviction. *See* Opinion [Docket Entry 12-7]. Remittitur was issued on July 13, 2005. *See* Remittitur I [Docket Entry 12-8].

On March 29, 2006, Petitioner filed a *pro se* application for post-conviction relief ("PCR"). *See* App. [Docket Entry 12-2] at 102-05; *see also* § 2254 Petition at 3. Petitioner, through attorneys Tricia A. Blanchette and Tommy A. Thomas, filed an amendment to his PCR application on December 7, 2006. *See* App. [Docket Entry 12-2] at 106-07. The PCR court held an evidentiary hearing on April 29, 2008, at which Petitioner was present and testified. *See* App. [Docket Entry 12-3] at 12-98. On September 15, 2008, the PCR court denied and dismissed Petitioner's PCR application with prejudice. *See* App. [Docket Entry 12-4] at 19-38.

Robert M. Pachak represented Petitioner in his PCR appeal. On December 29, 2008, Attorney Pachak filed with the South Carolina Supreme Court a petition for a writ of certiorari on Petitioner's behalf. *See* Petition for Writ [Docket Entry 12-9]. The South Carolina Supreme Court

granted the petition for a writ of certiorari on July 9, 2009. *See* July 9 Order [Docket Entry 12-11]. Both parties filed briefs. *See* Pet'r Brief [Docket Entry 12-12]; Resp't Brief [Docket Entry 12-13]. On December 7, 2009, the South Carolina Supreme Court dismissed the writ of certiorari "as improvidently granted." Dec. 7 Order [Docket Entry 12-14]. at 2. Remittitur was issued on December 23, 2009. *See* Remittitur II [Docket Entry 12-15].

On July 23, 2010, Petitioner filed the instant § 2254 Petition.[3]

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

[3] Petitioner indicated in his § 2254 Petition that he also filed a second PCR application on April 14, 2010, and that said action was dismissed on June 23, 2010. *See* § 2254 Petition at 4, 13.

**Applicable Law**

Petitions brought under § 2254 are subject to 28 U.S.C. § 2244(d)'s one-year period of limitation. Section 2244(d) specifically provides the following, in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

**Discussion**

Respondent argued in its summary judgment motion and the Magistrate Judge found in her R & R that Petitioner's § 2254 Petition was untimely under the AEDPA's one-year limitation period. Specifically, the Magistrate Judge found as follows:

> Because [Petitioner] filed a direct appeal, his conviction became final on July 13, 2005, the date the South Carolina Court of Appeals entered the remittitur.[4] See Rules 203(b)(2), 221, & 242, SCACR. Accordingly, the limitations period began to run on July 14, 2005 and expired on July 13, 2006, unless the period was at any time tolled for any properly filed state PCR application or other collateral review. . . .
> [Petitioner] filed a PCR application on March 29, 2006. At that point, 258 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of the [Petitioner's] PCR action until December 23, 2009, when the South Carolina Supreme Court issued the remittitur from its order dismissing [Petitioner's] certiorari petition. At this time, [Petitioner] had 107 days of statutory time remaining, which means that [Petitioner]

---

[4] Because [Petitioner] did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008) (unpublished) . . . .

4

>had until April 8, 2010 to file a timely federal habeas corpus petition.
>
>[Petitioner] indicates in his Petition that he filed a second PCR application on April 14, 2010; however, this application did not toll the statute of limitations because it was filed after the expiration of the one-year limitations period under § 2244(d)(1)(A). To toll the one-year statute of limitations period governing federal habeas petitions, state PCR proceedings must commence prior to the expiration of the federal statutory period. See 28 U.S.C. § 2244(d). Thus, [Petitioner's] 2010 PCR action did not toll or revive the already expired statute of limitations for filing his federal habeas action. Accordingly, [Petitioner's] statutory deadline expired on April 8, 2010.
>
>[Petitioner] filed his federal Petition for a writ of habeas corpus on July 23, 2010. . . .

R & R at 4-5. Finally, after determining that Petitioner was not entitled to equitable tolling of limitation period, the Magistrate Judge concluded that Petitioner's "Petition was not timely filed and [was] therefore barred by § 2244(d)." *Id.* at 7.

In his objections, Petitioner does not appear to challenge the Magistrate Judge's time-line or her conclusion that the instant § 2254 Petition was filed after the expiration of the one-year limitation period.[5] However, Petitioner does appear to allege and argue that § 2244(d) is unclear and ambiguous, and that he therefore should be entitled to equitable tolling of that limitation period. Specifically, Petitioner argues that § 2244(d)'s "true meaning . . . written by lawmakers is not strait [sic] forward and common sense manner," and therefore "his petition should not be barred d[ue] to an ambig[u]ously written statute." Obj. at 1. Further, Petitioner contends that § 2244(d) "does not specify clearly it's meaning [and] . . . does not explain how it appl[ie]s." *Id.* at 2. He continues, "Had Petitioner had clear understanding of this statute, he would have filled out the habeas corpus application, sent it in to stop the time and amended it later." *Id.* Finally, he contends that the

---

[5] The undersigned has reviewed the Magistrate Judge's time-line and calculations, and concludes that the Magistrate Judge accurately determined that Petitioner filed the instant § 2254 Petition after the expiration § 2244(d)'s one-year limitation period.

ambiguous statute and his lack of understanding of the statutory provisions are "extraordinary circumstances beyond Petitioner's control or external to his own conduct." *Id.* at 1.

"[Section] 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (holding that a petitioner is "only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time"). However, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004); *see also Cross-Bey v. Gammon*, 322 F.3d 1012, 1016 (8th Cir. 2003) (holding that Petitioner's "failure to recognize the importance of the one-year statute of limitations of § 2244(d)(1) . . . was not an extraordinary circumstance beyond [his] control that warrant[ed] equitable tolling"); *Goedeke v. McBride*, 437 F. Supp. 2d 590, 597 n.3 (S.D.W. Va. 2006) ("The law is . . . clear that a petitioner's ignorance of the law does not justify equitable tolling."). Accordingly, Petitioner's "misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control." *Sosa*, 364 F.3d at 512. Thus, the court concludes that Petitioner's arguments are insufficient to justify equitable tolling in this matter.

In sum, the court finds that Petitioner failed to timely file his § 2254 Petition, and therefore the Petition is time-barred by § 2244(d).

**Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and/or by demonstrating that any dispositive procedural ruling by the district court is debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

**Conclusion**

The court has thoroughly reviewed the entire record, including the R & R and objections, and the applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Petitioner's objections and adopts and incorporates by reference herein the R & R of the Magistrate Judge. Accordingly, it is therefore **ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and Petitioner's § 2254 Petition is **DISMISSED**, *with prejudice*, as time-barred.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                  s/R. Bryan Harwell  
                                                  R. Bryan Harwell  
                                                  United States District Judge

Florence, South Carolina  
March 31, 2011